UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESSA PEETE,

      Plaintiff

v.

LIBERTY INSURANCE CORPORATION,

      Defendant(s).

_____/

Case No. 13-cv-14770
Hon. Matthew F. Leitman

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (ECF #17) AND GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S
EXPERT WITNESS ROBERT TRENKLE (ECF #18)**

In June 2012, a fire damaged the home and personal property of Plaintiff Theressa Peete ("Peete"). (*See* Comp., ECF #1-2 at ¶¶ 4, 7.) Peete filed a claim related to the fire damage with her insurance carrier, Defendant Liberty Insurance Corporation ("Liberty"), and Liberty denied the claim. (*See id.* at ¶13.) On October 15, 2013, Peete filed a breach of contract action against Liberty in Wayne County Circuit Court. (*See id.*) Liberty removed Peete's action to this Court. (*See* ECF #1.)

Liberty has now moved for summary judgment. (*See* ECF #17.) Liberty argues that it has no obligation to pay Peete's claim because Peete failed to "submit a signed and sworn proof of loss" within sixty days of its (Liberty's) request as her policy requires. (*See id.* at 6, Pg. ID 416.) This failure, Liberty

1

says, entitles it "to deny [Peete's] homeowner's claim for her failure to follow the terms of her policy." (*Id.*)

Liberty has also moved to exclude testimony by Peete's expert witness Robert Trenkel ("Trenkel"). (*See* ECF #18.) The facts related to Liberty's motion to exclude are largely undisputed. The deadline to identify expert witnesses was April 14, 2014, and on that on that date, Peete identified Trenkel as her expert in fire cause and origin issues and supplied Liberty a report Trenkel drafted pursuant to Federal Rule of Civil Procedure 26(a)(2). Peete had retained Trenkel just six days earlier. Trenkel's deposition was scheduled for May 14, 2014, the final day for expert discovery. The day before his deposition, Trenkel submitted a "supplemental" report that "contained [results from] testing of flammable materials, an investigation into the utility records of [Peete], and eyewitness interviews." (*Id.* at 5, Pg. ID 498.) Liberty asserts that due to the delayed submission of Trenkel's supplemental report, it was not able to consult with its own experts and properly prepare for Trenkel's deposition (which Liberty took, as scheduled, on the final day of expert discovery). (*See id.* at 9-10, Pg. ID 502-503.) Peete counters that she fully complied with all applicable court deadlines, that there was "nothing new that should have surprised [Liberty]" in Trenkel's supplemental report, and that the Court should deny Liberty's motion to exclude Trenkel's testimony. (Peete Resp. Br., ECF #19 at 6-7, Pg. ID 555-556.)

The Court held a hearing on both motions on September 22, 2014 and orally announced its rulings at that time.  For the reasons stated on the record, **IT IS HEREBY ORDERED** that Liberty's Motion for Summary Judgment (ECF #17) is **DENIED.**  The Court finds that there is a material factual dispute as to (1) whether Liberty ever properly requested a "signed and sworn proof of loss" from Peete so as to trigger her obligation to return the form within sixty days; and (2) whether Peete's submission on May 13, 2014, of a signed, but not sworn or notarized, form that Liberty provided to her and identified as "a Sworn Statement and Proof of Loss," satisfied Peete's obligations under her insurance policy.  The Court makes clear that while it has denied Liberty summary judgment on its defense that Peete failed to submit a timely "signed and sworn proof of loss," Peete has not sought a ruling that this defense fails as a matter of law, and the Court is not so ruling at this time.

**IT IS HEREBY FURTHER ORDERED** that, for the reasons stated on the record, Liberty's Motion to Exclude Plaintiff's Expert Witness Robert Trenkel (ECF #18) is **GRANTED IN PART AND DENIED IN PART**.  The Court will not strike Trenkel's testimony in its entirety.  Instead, the Court will allow Peete to choose one of the following two options:

1. Trenkel's testimony will be limited to those opinions and matters included in his initial report *only*, and the Court will not allow Trenkel to testify about

any subsequent investigation and/or testing that was included in his supplemental report. If Peete chooses this option, she need not make Trenkel available for any additional deposition testimony; or

2. Trenkel will be allowed to testify about opinions and matters included in both his initial report and his supplemental report. If Peete chooses this option, she shall make Trenkel available for a continued deposition within 21 days of this Order. In addition, Peete shall pay all reasonable costs incurred by Liberty in connection with Trenkel's continued deposition including (1) the costs for Trenkel's time; (2) reasonable attorney fees Liberty incurs as a result of the continued deposition; and (3) Liberty's cost to obtain a transcript of the continued deposition. Liberty shall submit its costs to the Court at the conclusion of this action, at which time the Court will review the costs for reasonableness. The Court will allow Peete to file objections to the claimed costs at that time.

Peete shall inform the Court's Case Manager by e-mail (with a copy to Liberty's counsel) which of the above-two options she has chosen within seven (7) days of this Order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113